(Rev. 11-08-10)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CHECKPOINT SYSTEMS, INC., | ) | CASE NO. 5:11cv1199 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **INITIAL STANDING ORDER** |
| | ) | |
| HANGZHOU CENTURY CO., LTD., | ) | |
| et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## I. ELECTRONIC FILING

All attorneys are required to file electronically. The electronic filing policy/procedure is available on the court's web site (www.ohnd.uscourts.gov) along with registration forms, training materials and tutorials.

## II. DOCUMENT FORMATTING

All documents filed in this action, whether electronically or by other means, shall be presented in the following form: all margins shall be at least one inch; the main text of all documents shall be at least 12-point, double-spaced non-condensed type ("non-condensed type" referring either to Times New Roman type or to another type that has no more than 80 characters to a line of text); footnotes and block quotations may be single-spaced; and footnotes may be in a different-size font, no smaller than a 10-point single-

spaced type font. Compliance with the foregoing requirements will be judged in comparison with the Court's own WordPerfect and Microsoft Word generated documents. Both paper documents and electronically-filed documents when printed out will be held to this standard. Nonconforming documents may be stricken, in the Court's discretion.

## III.  FILING OF DISCOVERY MATERIALS

Unless otherwise ordered by the Court, discovery materials shall not generally be filed in this matter. Deposition excerpts or relevant portions of other discovery materials offered in support of or in opposition to a motion are to be filed with the party's memorandum of law and attached as properly identified exhibits thereto. Where deposition excerpts have been attached in support of or in opposition to a *dispositive* motion (e.g., a motion to dismiss or for summary judgment), the entire deposition transcript must also be separately, and simultaneously, filed. Such deposition transcript(s) must be filed electronically and must be in text-searchable PDF format.

## IV.  MOTIONS TO DISMISS FILED BEFORE THE CASE MANAGEMENT CONFERENCE

The Court will hold a defendant who files a motion under Rule 12 of the Federal Rules of Civil Procedure to the requirements of Rule 12, including in particular the timing requirements of Rule 12(a)(4).

Any motion to dismiss filed prior to the Case Management Conference may not exceed twenty (20) pages. Responses to any such motion to dismiss must be filed within thirty (30) days of the filing of the motion and may not exceed twenty (20) pages. Replies must be filed within fourteen (14) days of the filing of the response and may not exceed ten (10) pages.

### V. MOTIONS FOR SUMMARY JUDGMENT FILED BEFORE DISCOVERY CUTOFF

The Court typically permits only one summary judgment motion per party, although it reserves the right to make exceptions. A party must seek leave of Court if he or she wishes to file any additional or supplemental motions for summary judgment.

As a general rule, the Court anticipates summary judgment motions according to the schedule set forth in the Case Management Plan and, in any event, only after completion of discovery. If a party chooses to file a motion for summary judgment at any time prior to the discovery cut-off, unless the Court orders otherwise in a particular case, there will be no requirement that the opposition brief be filed earlier than the date set by the Case Management Plan. If a motion for summary judgment is filed even before the Case Management Plan has issued (i.e., before the Case Management Conference is conducted), Local Rule 7.1(d) and (e) will govern the deadlines for filing the response and reply briefs, unless the Court orders otherwise.

A motion with supporting brief, a brief in opposition, and a reply brief, all complying with the lengths permitted by Local Rules, are the only documents that will be accepted absent prior leave of Court. A courtesy copy of each of these documents – including all exhibits and appendices thereto – shall be delivered to chambers no later than one (1) business day after the original is filed. Except for the case of sealed documents, **the courtesy copy must be an exact copy of the filed document, including the electronically-applied header on every page.**

All facts presented to the Court in any brief or memorandum setting forth a party's position with respect to a motion must be supported by pinpoint citations to the case

record. For example, it is *not* sufficient to say: "*See* Green Affidavit" or "*See* Williams Deposition." Instead, each citation must be to a particular paragraph of the Affidavit or to a particular page or pages of the Deposition.

Where deposition excerpts have been attached in support of or in opposition to a dispositive motion, the entire deposition transcript must also be separately, and simultaneously, filed. Such deposition transcript must be filed electronically in text-searchable PDF format.

## VI. **EXHIBITS ACCOMPANYING PLEADINGS OR MOTIONS**

Unless otherwise permitted according to the electronic policies and procedures of the U.S. District Court for the Northern District of Ohio, all exhibits accompanying pleadings and motions must be filed electronically in text-searchable PDF format; they may not be scanned.

When electronically filing exhibits in support of pleadings or motions, each exhibit must be identified with a description, not merely a number. For example, if the first exhibit consists of the affidavit of John Doe, the document should be filed as "Exhibit 1 - Affidavit of John Doe." Filers shall consult with the Office of the Clerk if uncertain how to properly file exhibits.

## VII. **FILING UNDER SEAL**

Absent a statute or an order of this Court, documents may not be filed under seal. *See*, L.R. 5.2.

Should a sealing order be in effect (e.g., a protective order that permits sealing of confidential documents), the Court will expect the filing parties to be mindful that this is a public forum. No protective order or other sealing order is blanket authority to

- 4 -

file entire documents under seal. Only relevant portions of relevant documents are subject to sealing under the terms of an approved order. For example, an entire memorandum in support of a motion for summary judgment would not be placed under seal merely because it makes mention of a document which is under seal. Nor would an entire deposition transcript be placed under seal because confidential information was inquired into during the course of the deposition.

Therefore, in most cases, protected or confidential information subject to a sealing order or statute should be filed separately under seal and be merely made reference to in the public pleading or document. If, however, the nature of a particular case presents the rare instance where the confidential information must be intertwined within the text of the pleading or document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Further, where documents are legitimately filed under seal, attorneys will be required to use the following procedure. Any and all filings made under seal shall be submitted electronically whenever possible and linked to the  relevant authorizing order, pursuant to Local Rule 5.2.  If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If a sealed filing cannot be submitted electronically, it shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of the relevant authorizing order shall

be in the sealed envelope.

Finally, the Court wants to make perfectly clear that, if and when a case where sealing is authorized comes to trial, the courtroom will not be sealed. Any and all documents and information which may have been subject to sealing during discovery will no longer enjoy a protected or confidential designation. The trial will be public in all respects.

## VIII. HEARINGS OTHER THAN TRIALS

Whenever the Court conducts a hearing on a motion, it may require pre-hearing briefs, if the motion has not already been fully briefed. Parties will be informed by separate order if such briefs will be required.

Depending on the nature of the case and the type of hearing, the Court may also limit the amount of time that each side will be permitted to present live testimony and/or argument at the hearing. If such limitations will be imposed, the parties will be informed of that fact when the Court schedules the hearing.

All exhibits for use at any hearing must bear the official case number and shall be marked before the hearing with official exhibit stickers (available from the clerk upon request). The plaintiff must mark exhibits with numbers and the defendant with letters. If there are multiple defendants, letters shall be used followed by the party's last name. If the defendant has more than 26 exhibits, double letters shall be used. Every page of any multi-page exhibit must be bates-numbered.

Each party shall come to any hearing with their original marked exhibits plus enough marked copies of every exhibit for the following persons: the Court; the Court's law clerk; the witness; and counsel for each party (one copy per party, not one copy

for each counsel).

Each party shall also, on the day of the hearing, provide to the Court Room Deputy Clerk and to opposing counsel a list of witnesses who may testify, along with a brief description of each witness's testimony (using the format in Appendix A) <u>and</u> an index of exhibits which may be used at the hearing, including a brief description of such exhibits (using the format in Appendix B).

## IX.  <u>EARLY RESOLUTION OF THE CASE</u>

If this case is resolved at any time prior to a scheduled proceeding, the parties shall submit a stipulation of settlement and dismissal, or otherwise notify the Court that such a stipulation is in process by contacting the Court's Courtroom Deputy Clerk at 330-252-6060.

**IT IS SO ORDERED**.

Dated: June 20, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

**APPENDIX A**

_____                    CASE NO.  _____

PLAINTIFF(S),

vs.                                                                    JUDGE SARA LIOI

_____

DEFENDANT(S).

| PLAINTIFF/DEFENDANT WITNESSES | |
|---|---|
| **NAME** | **SYNOPSIS OF TESTIMONY** |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

## **APPENDIX B**

_____          CASE NO.  _____
                    PLAINTIFF(S),

            vs.                                      JUDGE SARA LIOI

_____
                    DEFENDANT(S).

| PLAINTIFF/DEFENDANT/JOINT/THIRD-PARTY EXHIBITS | | | | | | |
|---|---|---|---|---|---|---|
| EXHIBIT I.D. | DESCRIPTION OF EXHIBIT | I.D. | OFFERED | OBJ. | ADMITTED | NOT ADMITTED |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |