**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHECKPOINT SYSTEMS, INC,** | ) | CASE NO. 5:11-cv-01199 |
| | ) | |
| **Plaintiff,** | ) | JUDGE SARA LIOI |
| | ) | |
| **v.** | ) | MAG. JUDGE GEORGE J. LIMBERT |
| | ) | |
| **HANGZHOU CENTURY CO., LTD, *et al.*,** | ) | **HANGZHOU CENTURY CO., LTD.'S ANSWER AND DEMAND FOR JURY TRIAL** |
| | ) | |
| **Defendants.** | ) | |

Pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure, Defendant Hangzhou Century Co., Ltd. ("Century") hereby answers the Complaint for Injunctive Relief and Money Damages ("Complaint") filed by Plaintiff Checkpoint Systems, Inc. ("Checkpoint") as follows:

## ANSWER

### NATURE OF CASE[1]

1. Century admits that Checkpoint is a producer and supplier of products that purport to help retailers and manufacturers reduce theft, enhance shelf-availability for customers, and improve supply-chain efficiencies. Century admits that Checkpoint sells anti-theft products and solutions. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

[1] In the Complaint, Checkpoint includes many argumentative titles or headings. To the extent any headings are repeated in this Answer, the use of the headings is not intended as an admission, and Century denies all facts not specifically admitted.

2. Century admits that it makes and assembles retail anti-theft devices for Checkpoint and other companies. Century admits that USS distributes retail loss prevention goods and services. Century admits that USS is the largest distributor of Century products in North America. Century denies the remaining allegations in this paragraph.

3. Century denies the allegations in this paragraph with respect to Century. Century is without sufficient knowledge to admit or deny the allegations with respect to USS and, therefore, denies the remaining allegations in this paragraph.

**PARTIES**

4. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

5. Admitted.

6. Century admits that it became a Checkpoint OEM in 2006, making electronic article surveillance ("EAS") hard tags. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

7. Admitted.

8. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

9. Century admits that USS sells EAS products. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

10. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

## JURISDICTION AND VENUE

11. Century admits that this action alleges patent infringement arising under the patent laws of the United States (Title 35 of the United States Code) and copyright infringement arising under the copyright laws of the United States (Title 17 of the United States Code). Century admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338. Century denies the remaining allegations in this paragraph.

12. Century admits that this Court has personal jurisdiction over Century for purposes of this action. Century denies the remaining allegations in this paragraph with respect to Century. Century is without sufficient knowledge to admit or deny the allegations with respect to USS and, therefore, denies the remaining allegations in this paragraph.

13. Admitted.

## FACTUAL BACKGROUND

14. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

15. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

16. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

17. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

18. Century admits that Checkpoint and Century entered into an OEM relationship in which Century agreed to build EAS hard tags for Checkpoint pursuant to the terms of a March

15, 2006 Purchase Agreement between Checkpoint and Century. Century admits that what purports to be a copy of a Purchase Agreement is attached to the Complaint as Exhibit A.

19. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

20. Century admits that it valued its relationship with Checkpoint like it values its relationship with all customers. Century denies the remaining allegations in this paragraph.

21. Denied.

22. Century admits that it agreed that it would not misuse confidential information provided by Checkpoint in connection with the Purchase Agreement. Century denies the remaining allegations in this paragraph.

23. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph states any facts, Century denies those facts.

24. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph states any facts, Century denies those facts.

25. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph states any facts, Century denies those facts.

26. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph states any facts, Century denies those facts.

27. Admitted.

28. This paragraph states a legal conclusion for which no response is required. To the extent that this paragraph states any facts, Century denies those facts.

29. Century admits that Checkpoint purports to sell a Hard Tag@Source ("HT@S") product and associated program. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

30. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

31. Century denies that Checkpoint alone designed the Gen1 Hard Tag. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

32. Century admits that it built the Gen1 Hard tag and sold units of it to Checkpoint. Century denies the remaining allegations in this paragraph.

33. Century denies that Checkpoint alone designed the Gen2 Hard Tag. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

34. Century admits that it worked with Checkpoint to build the Gen2 Hard Tag. Century denies the remaining allegations in this paragraph.

35. Denied.

36. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

37. Century admits that the United States Patent and Trademark Office issued U.S. Patent No. 7,251,966 ("the '966 patent") for a "cable wrap security device" on August 7, 2007. Century admits that what purports to be a copy of the '966 patent was attached to the Complaint as Exhibit B. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

38. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

39. Century admits that the United States Patent and Trademark Office issued U.S. Patent No. 7,474,209 ("the '209 patent") for a "cable alarm security device" on January 6, 2009. Century admits that what purports to be a copy of the '209 patent was attached to the Complaint as Exhibit C. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

40. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

41. Century admits that the United States Patent and Trademark Office issued U.S. Patent No. 7,474,215 ("the '215 patent") for "alarm systems, remote communication devices, and article security methods" on January 6, 2009. Century admits that what purports to be a copy of the '215 patent was attached to the Complaint as Exhibit D. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

42. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

43. Century admits that the United States Patent and Trademark Office issued U.S. Patent No. 7,481,086 ("the '086 patent") for a "cable wrap security device" on January 27, 2009. Century admits that what purports to be a copy of the '086 patent was attached to the Complaint as Exhibit E. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

44. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

45. Century admits that the United States Patent and Trademark Office issued U.S. Patent No. 7,538,680 ("the '680 patent") for a "alarm systems, wireless alarm devices, and article security methods" on May 26, 2009. Century admits that what purports to be a copy of the '680 patent was attached to the Complaint as Exhibit F. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

46. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

47. Century admits that the United States Patent and Trademark Office issued U.S. Patent No. 7,663,489 ("the '489 patent") for "alarm systems, wireless alarm devices, and article security methods" on February 16, 2010. Century admits that what purports to be a copy of the '489 patent was attached to the Complaint as Exhibit G. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

48. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

49. Century admits that the United States Patent and Trademark Office issued U.S. Patent No. 7,864,049 ("the '049 patent") for a "alarm systems, remote communication devices, and article security methods" on January 4, 2011. Century admits that what purports to be a copy of the '049 patent was attached to the Complaint as Exhibit H. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

50. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

51. Century denies that it has infringed any claims of Checkpoint's patents. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

52. Denied.

53. Century denies that the USS BoxGuard and the USS Mini BoxGuard infringe any claims of the '966 patent. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

54. Denied.

55. Denied.

56. Century denies that the USS BoxGuard and the USS Mini BoxGuard infringe any claims of the '086 patent. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

57. Denied.

58. Century denies that the USS 3-alarm BoxGuard, the USS multi-alarming Patriot Pin Tag, and the USS multi-alarming Patriot Lanyard Tag infringe any claims of the '215 patent. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

59. Denied.

60. Century denies that the USS 3-alarm BoxGuard, the USS multi-alarming Patriot Pin Tag, and the USS multi-alarming Patriot Lanyard Tag infringe any claims of the '680 patent.

Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

61. Denied.

62. Century denies that the USS 3-alarm BoxGuard, the USS multi-alarming Patriot Pin Tag, and the USS multi-alarming Patriot Lanyard Tag infringe any claims of the ‘489 patent. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

63. Denied.

64. Century denies that the USS 3-alarm BoxGuard, the USS multi-alarming Patriot Pin Tag, and the USS multi-alarming Patriot Lanyard Tag infringe any claims of the ‘049 patent. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

65. Century admits that Checkpoint stated to Century that Century was infringing one or more claims of the ‘209 and ‘086 patents on February 5, 2010, and June 1, 2010. Century denies any communications from Checkpoint related to the ‘209 and ‘086 patents on February 8, 2010. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

66. Admitted except as to February 8, 2010.

67. Century denies that it has infringed any Checkpoint patent. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

68. Century denies the allegations in this paragraph with respect to Century. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

69. Century denies that allegations in this paragraph with respect to Century. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

70. Century denies that allegations in this paragraph with respect to Century. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

71. Century denies that allegations in this paragraph with respect to Century. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

72. Denied.

73. Denied.

74. Century admits that it previously made the Gen1 and Gen2 Hard Tags for Checkpoint. Century denies the remaining allegations in this paragraph.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

84. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

85. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

86. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

87. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

88. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

89. Century admits that the Checkpoint Spider Wrap and USS BoxGuard devices are intended to secure the same kinds of retail products. Century denies that the USS BoxGuard Device is similar in form, function, and design to Checkpoint's Spider Wrap device. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

90. Denied.

91. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

92. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

93. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

94. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

95. Century denies the allegations in this paragraph with respect to Century. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

**COUNT I**
**PATENT INFRINGEMENT**
**(Against Century)**

96. Century realleges and incorporates by reference its answers set forth in paragraphs 1-95 as if fully set forth herein.

97. Denied.

98. Century denies that the '966 patent, the '209 patent, the '086 patent, the '215 patent, the '680 patent, the '489 patent, and the '049 patent are valid. The remaining allegations in this paragraph are legal conclusions for which no response is required.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

Century denies that Checkpoint is entitled to any relief from Century based on this count.

**COUNT II**
**PATENT INFRINGEMENT**
**(Against USS)**

110. Century realleges and incorporates by reference its answers set forth in paragraphs 1-109 as if fully set forth herein.

111. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

112. Century denies the ‘966 patent, the ‘086 patent, the ‘215 patent, the ‘680 patent, the ‘489 patent, and the ‘049 patent are valid. The remaining allegations in this paragraph are legal conclusions for which no response is required.

113. Century denies that the USS BoxGuard and USS Mini BoxGuard infringe any claims of the ‘966 patent. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

114. Century denies that the USS BoxGuard and USS Mini BoxGuard infringe any claims of the ‘086 patent. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

115. Century denies that the USS 3-alarm BoxGuard, the USS multi-alarming Patriot Pin Tag, and the USS multi-alarming Patriot Lanyard Tag infringe any claims of the ‘215 patent. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

116. Century denies that the USS 3-alarm BoxGuard, the USS multi-alarming Patriot Pin Tag, and the USS multi-alarming Patriot Lanyard Tag infringe any claims of the ‘680 patent. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

117. Century denies that the USS 3-alarm BoxGuard, the USS multi-alarming Patriot Pin Tag, and the USS multi-alarming Patriot Lanyard Tag infringe any claims of the ‘489 patent. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

118. Century denies that the USS 3-alarm BoxGuard, the USS multi-alarming Patriot Pin Tag, and the USS multi-alarming Patriot Lanyard Tag infringe any claims of the ‘049 patent. Century is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

119. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

120. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

121. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

122. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

Century denies that Checkpoint is entitled to any relief from Century based on this count.

**COUNT III**
**BREACH OF CONTRACT**
**(Against Century)**

123. Century realleges and incorporates by reference its answers set forth in paragraphs 1-122 as if fully set forth herein.

124. Denied.

125. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

Century denies that Checkpoint is entitled to any relief based on this count.

**COUNT IV**
**BREACH OF CONTRACT [sic]**
**(Against USS)**

130. Century realleges and incorporates by reference its answers set forth in paragraphs 1-129 as if fully set forth herein.

131. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

132. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

133. Century is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

Century denies that Checkpoint is entitled to any relief from Century based on this count.

## PRAYERS FOR RELIEF

Century denies that Checkpoint is entitled to any relief from Century.

## ADDITIONAL DEFENSES

Century asserts the defenses set forth below. Century reserves the right to amend its answer to assert additional defenses as additional information becomes available.

### NON-INFRINGEMENT – PATENT

134. Century has not infringed, directly or indirectly, any valid claim of the '966 patent.

135. Century has not infringed, directly or indirectly, any valid claim of the '209 patent.

136. Century has not infringed, directly or indirectly, any valid claim of the '086 patent.

137. Century has not infringed, directly or indirectly, any valid claim of the '215 patent.

138. Century has not infringed, directly or indirectly, any valid claim of the '680 patent.

139. Century has not infringed, directly or indirectly, any valid claim of the '489 patent.

140. Century has not infringed, directly or indirectly, any valid claim of the '049 patent.

### INVALIDITY - PATENT

141. One or more claims of the '966 patent are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103, or 112.

142. One or more claims of the ‘209 patent are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103, or 112.

143. One or more claims of the ‘086 patent are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103, or 112.

144. One or more claims of the ‘215 patent are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103, or 112.

145. One or more claims of the ‘680 patent are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103, or 112.

146. One or more claims of the ‘489 patent are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103, or 112.

147. One or more claims of the ‘049 patent are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103, or 112.

## NO ACTS OF INFRINGEMENT

148. Century has not made, used, offered to sell, or sold in the United States or imported into the United States the accused products.

## FAILURE TO STATE A CLAIM

149. Century asserts that the Complaint fails to state a claim against Century upon which relief can be granted.

## ATTORNEYS’ FEES IMPROPER

150. Checkpoint has failed to state facts and/or a legal basis sufficient to permit recovery of attorneys’ fees against Century.

**EQUITABLE AND INJUNCTIVE RELIEF IMPROPER**

151. Checkpoint has failed to state facts and/or a legal basis sufficient to permit the Court to grant equitable or injunctive relief against Century.

**CENTURY ENTITLED TO ATTORNEYS' FEES AND COSTS**

152. Century is entitled to attorneys' fees and costs from Checkpoint incurred in connection with this action based on section 20.8 of the Purchase Agreement.

**BREACH OF CONTRACT – NO REMEDIES AVAILABLE**

153. Checkpoint has not suffered any damages as a result of Century's alleged breaches of the 2006 Purchase Agreement.

154. Checkpoint has voluntarily and publically disclosed the 2006 Purchase Agreement and its contents by filing it with its Complaint. Thus, Checkpoint is barred from obtaining any injunctive relief in connection with the alleged breaches of the 2006 Purchase Agreement.

**BREACH OF CONTRACT – STATUTE OF LIMITATIONS**

155. Checkpoint's breach of contract claim against Century is barred at least in part by the applicable statute of limitations.

**BREACH OF CONTRACT - WAIVER**

156. Checkpoint's breach of contract claim against Century is barred at least in part by waiver because on information and belief Checkpoint disclosed to others that Century was a Checkpoint OEM.

**BREACH OF CONTRACT – WAIVER/ESTOPPEL**

157. Checkpoint's breach of contact claim against Century is barred by the doctrines of waiver and/or estoppel.

158. On information and belief, Checkpoint was aware of Century's alleged breaches of contract but unreasonably delayed in asserting its claim against Century for an excessive period of time. Century relied on Checkpoint's unreasonable delay to its detriment.

## PRAYER FOR RELIEF

WHEREFORE, Century requests the following relief:

a) Dismissing Checkpoint's Complaint, with prejudice, and denying any claim for relief prayed for therein;

b) Judgment that Century does not infringe, directly or indirectly, any valid claim of the '966, '209, '086, '215, '680, '489, and '049 patents;

c) Judgment that claims of the '966, '209, '086, '215, '680, '489, and '049 patents are invalid;

d) Judgment that this is an exceptional case and an award of attorneys' fees and costs to Century pursuant to 35 U.S.C. § 285;

e) Judgment awarding Century its attorneys' fees and costs pursuant to section 20.8 of the Purchase Agreement; and

f) Such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ *Kip T. Bollin*

Kip T. Bollin (0065275)
*kip.bollin@thompsonhine.com*
Michael Sherban
*mike.sherban@thompsonhine.com*
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Phone: (216) 566-5500
Fax: (216) 566-5800
*Counsel for Defendants Hangzhou Century Co., Ltd. and Universal Surveillance Corporation*

Douglas Carsten (*admitted pro hac vice*)
dcarsten@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real, Suite 200
San Diego, CA 92130
Phone: (858) 350-2300
Fax: (858) 350-2399

Matthew A. Argenti (*admitted pro hac vice*)
margenti@wsgr.com
Albert Shih (*admitted pro hac vice*)
ashih@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 493-9300
Fax: (650) 493-6811
*Counsel for Defendants Hangzhou Century Co., Ltd. and Universal Surveillance Corporation*

Larry L. Shatzer (*admitted pro hac vice*)
lshatzer@wsgr.com
Shaun R. Snader (*admitted pro hac vice*)
ssnader@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
1700 K Street, N.W., Fifth Floor
Washington, DC 20006
Phone: (202) 973-8800
Fax: (202) 973-8899
*Counsel for Defendants Hangzhou Century Co., Ltd.and Universal Surveillance Corporation*

**JURY DEMAND**

Hangzhou Century Co., Ltd. demands a trial by jury on all issues so triable.

/s/ *Kip T. Bollin*

Kip T. Bollin (0065275)

**CERTIFICATE OF SERVICE**

A copy of the foregoing was electronically filed with the Court this 12th day of December, 2011, and will be served upon counsel of record via the Court's electronic filing system.

/s/ *Kip T. Bollin*
*Counsel for Defendants Hangzhou Century Co., Ltd. and Universal Surveillance Corporation*