IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHECKPOINT SYSTEMS, INC., | ) | Case No. 5:11-CV-1199 |
| | ) | |
| Plaintiff, | ) | Judge Sara Lioi |
| | ) | |
| v. | ) | **PLAINTIFF CHECKPOINT SYSTEMS,** |
| | ) | **INC.'S MOTION FOR LEAVE TO FILE** |
| HANGZHOU CENTURY CO., LTD., *et al.*, | ) | **AMENDED COMPLAINT** |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Checkpoint Systems, Inc. ("Checkpoint") respectfully moves this honorable Court for leave to file an amended complaint. A copy of the amended complaint is attached. Consistent with this Court's encouragement at the case management conference, Checkpoint seeks to streamline this litigation with the removal of the copyright infringement claim against Defendant Universal Surveillance Corporation d/b/a Universal Surveillance Systems ("USS"). This motion is made pursuant to Rule 15 of the Federal Rules of Civil Procedure and the accompanying memorandum.

                                                                                                                     Respectfully submitted,

                                                                                                                     <u>/s/ James F. McCarthy, III</u>
                                                                                                                     James F. McCarthy, III (0002245)
                                                                                                                     Trial Attorney for Plaintiff
                                                                                                                     Sand & Sebolt
                                                                                                                     Aegis Tower
                                                                                                                     4940 Munson Street, N.W., Suite 1100
                                                                                                                     Canton, Ohio 44718
                                                                                                                     330.244.1174

**MEMORANDUM**

At the case management conference, counsel for Defendants Hangzhou Century Co., Ltd. d/b/a Century Plastic & Electronic Co., Ltd. ("Century") and USS made a lengthy request to the Court to encourage all parties to streamline the litigation and look to reduce the number of claims made in the case.  In response to that request, the Court encouraged the parties to consider streamlining the case and look for claims which could be eliminated.  Giving due consideration to the Court's suggestion, Checkpoint has elected to remove the copyright claim against USS from this litigation.  "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Campbell v. Altec Industries, Inc.*, 605 F.3d 839, 841 (11th Cir. 2010) quoting *Klay v. United Health Group, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004); see also Wright & Miller, *Federal Practice & Procedure: Civ.3d* §2362.  Attached is an amended complaint which effectively removes the copyright claim.

Consistent with Rule 15 of the Federal Rules of Civil Procedure, Checkpoint has requested counsel for USS and Century to give their consent to the filing of this amended complaint.  Counsel for Century and USS have declined.  Therefore, Checkpoint must resort to filing this motion for leave to file the amended complaint.

Rule 15(a)(2) "directs the Court to grant leave to amend 'when justice so requires' and in practice the burden is usually on the party opposing the amendment to demonstrate why the amendment should not be permitted."  Federal Civil Rules Handbook, p. 547 (2012).  The United States Court of Appeals for the Sixth Circuit has enumerated reasons to deny leave to amend a complaint.  "Reasons to deny leave to amend a complaint include (1) undue prejudice, (2) undue delay in amending, (3) amendment not offered in good faith or (4) that the party has had sufficient opportunity to state a claim and has failed to do so." *Eddleman v. Jefferson County*

2

1996 U.S. App. LEXIS 25298 at *6-7 (1996) citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971); *Foman v. Davis*, 371 U.S. 178 (1962). Here, none of those reasons are present. Rather, consistent with the encouragement of the Court prompted by counsel for Century and USS, Checkpoint seeks to amend its complaint for the purpose of removing the copyright infringement claim against USS, thus streamlining the litigation before the Court. The amendment narrows the issues to be tried, rather than expanding the issues to be tried. Therefore, Checkpoint respectfully requests the Court grant it leave to file the attached amended complaint.

                                                        Respectfully submitted,

                                                        /s/ James F. McCarthy, III
James F. McCarthy, III (0002245)
Trial Attorney for Plaintiff
Sand & Sebolt
Aegis Tower
4940 Munson Street, N.W., Suite 1100
Canton, Ohio 44718
330.244.1174

Robert J. Palmersheim
(palmersheim@sw.com)
Marcus D. Fruchter
(fruchter@sw.com)
Steven A. Weiss
(weiss@sw.com)
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
312.701.9300

and

Joseph A. Sebolt
(joes@sandandsebolt.com)
Laura Beoglos
(laurab@sandandsebolt.com)
Sand & Sebolt
Aegis Tower
4940 Munson Street, N.W., Suite 1100
Canton, Ohio 44718
330.244.1174

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was filed electronically this 20th day of January, 2012. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                             /s/ James F. McCarthy, III
                                             James F. McCarthy, III

KTBH: 4832-9055-6942, v. 1