## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **CHECKPOINT SYSTEMS, INC.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**HANGZHOU CENTURY CO., LTD,** )<br>*et al.*, )<br>)<br>Defendants. )<br>) | CASE NO. 5:11-cv-01199<br><br>JUDGE SARA LIOI |

___

**DEFENDANT UNIVERSAL SURVEILLANCE CORPORATION'S BRIEF IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT
AND
MOTION BY UNIVERSAL SURVEILLANCE
CORPORATION FOR ATTORNEYS' FEES**
___

Plaintiff, Checkpoint Systems, Inc. ("Checkpoint"), has sought leave of this Court to amend its complaint in order to dismiss its copyright infringement claim against Defendant Universal Surveillance Corporation, d/b/a Universal Surveillance Systems ("USS"). USS objects to Checkpoint's motion, and asks instead that the copyright infringement claim be dismissed with prejudice and that Checkpoint be ordered to pay USS's attorneys' fees that USS incurred in responding to that infringement claim.

**Facts and Argument**

Checkpoint's Complaint (and, now to a somewhat lesser extent, its proposed Amended Complaint) was not brought primarily to resolve an intellectual property dispute between the parties.  Rather, the Plaintiff has used its copyright infringement claim as a competitive weapon in an attempt to damage USS in the marketplace and to provide Checkpoint with an unfair competitive advantage.

Checkpoint filed its Complaint on June 10, 2011, and three days later published its Complaint at the loss prevention industry's largest trade show, the NRF Loss Prevention Conference & Expo, which is attended by customers of USS and Checkpoint.  (Affidavit of Adel Sayegh, attached hereto as Exhibit A, at ¶ 3.)  At the Expo, Checkpoint told industry purchasers that its copyright claim is evidence that USS is not a lawful, ethical competitor in the marketplace.  (*Id*. at ¶ 4.)  For example, a Director of Loss Prevention Operations at a national retail department store, a Senior Vice President of Loss Prevention at a national retail department store, a Vice President of Loss Prevention and Safety at domestic merchandise retailer, and a Vice President of a prominent security company, all expressed concern to USS that they had learned from Checkpoint of the infringement claims against USS.  (*Id*. at ¶¶ 4, 6-7.)  Checkpoint has freely published these unproven statements to USS's customers despite USS's vigorous denial of all of the allegations brought by Checkpoint and that Checkpoint is now conceding, by dismissing its claim, that its copyright infringement action against USS lacks merit.

Second, Checkpoint now attempts to abandon its copyright infringement claim in order to inflate USS's costs in defending the litigation.  USS recently disclosed that it had insurance that would cover the costs of its defense for the copyright claim.  Only now, shortly after Checkpoint became aware of USS's insurance coverage (and having already served its purpose in the

marketplace), did Checkpoint instruct its counsel to "streamline" the litigation by dropping its copyright infringement claim, but it has not "streamlined" the patent claims against products that were never sold, offered for sale, or imported into the United States.

Checkpoint should not be permitted to use the courts to gain inappropriately an upper hand in the marketplace or to increase the costs of litigation. To the contrary, the Court should dismiss Checkpoint's copyright infringement claim with prejudice and award USS its attorneys' fees.

## I. The Court Should Dismiss Checkpoint's Claim with Prejudice.

Checkpoint notes correctly that because it is not seeking to dismiss its entire action, an amendment pursuant to Civil Rule 15 is the appropriate mechanism to eliminate less than all of its counts. Just because the elimination of a claim is not a dismissal pursuant to Civil Rule 41, however, this does not mean that the claim cannot be eliminated with prejudice. Where a party has amended its complaint pursuant to Rule 15 in order to drop a claim for relief, the Court may exercise its discretion to dismiss that claim with prejudice. *Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985) ("Whether we view the question as arising under Fed. R. Civ. P. 15 or 41(a)(2), the trial court has considerable discretion in deciding whether to allow a withdrawal of a claim without prejudice."); *Campbell v. Altec Industries, Inc.*, 605 F.3d 839, 841 (11th Cir. 2010) (noting that a court can provide that the elimination of a claim under Rule 15 is with prejudice); *see also Mgmt. Investors v. United Mine Workers*, 610 F.2d 384, 394 n. 22 (6th Cir. 1979) (stating, with respect to Rule 15, that the court may . . . impose conditions upon leave to amend to eliminate an issue or claims as it would upon a voluntary dismissal under Rule 41(a)(2).).

Here, Checkpoint has used the copyright claim to hurt USS in the marketplace.[1] Having received the benefit of improperly thwarting competition at the largest industry tradeshow by publishing its meritless copyright infringement claims, Checkpoint meekly seeks to amend the Complaint and take a "do-over," all at USS's expense. In order to ensure that Checkpoint does not in the future again raise this claim inappropriately, the copyright infringement count should be dismissed with prejudice and Checkpoint should pay USS's cost of defense.

## II. USS Is Entitled to its Attorneys' Fees in Defending Checkpoint's Copyright Infringement Claim.

Attorneys' fees are available under the Copyright Act to the prevailing party. In fact, within the Sixth Circuit, attorneys' fees are "routinely" awarded to the prevailing party in a copyright claim. *Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488 F.3d 352, 362 (6th Cir. 2007). As the court further explained, an award of attorneys' fees is the "rule rather than the exception." *Thoroughbred Software*, 488 F.3d at 361-62; *see also Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008) (stating that the presumption of a fee award for a prevailing defendant is "very strong"). Although a court may exercise some discretion in determining whether to award fees, the Copyright Act does not distinguish between prevailing plaintiffs and prevailing defendants. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). Therefore, regardless of whether there is a prevailing plaintiff or prevailing defendant, in this Circuit, attorneys' fees should be "routinely" awarded.[2] *See also* 17 U.S.C. § 505.

---

[1] Notably, Checkpoint has prior experience in filing bad faith intellectual property litigation in order to attempt to inflict harm on a competitor. *See Checkpoint Sys., Inc. v. All-Tag Security, S.A.*, No. 01-cv-2223, 2011 WL 5237573, at *1, n.1 (E.D. Pa. Nov. 2, 2011) (finding it an exceptional case, the court awarded defendants' costs and attorneys' fees of $6,583,719 because Checkpoint never compared the accused product to its patent claims in maintaining its baseless infringement claims); https://ecf.paed.uscourts.gov/doc1/153110637542.

[2] Because Checkpoint failed to timely register its work (it filed its copyright application on the eve of filing this action), Checkpoint is not entitled to an award of attorneys' fees, even if it was to be found a prevailing party on its copyright claim. 17 U.S.C. § 412. For the same reason, Checkpoint could not collect statutory damages. *Id.* This rule does not, however, prevent a prevailing *defendant* from collecting its attorneys' fees, notwithstanding that an award of attorneys' fees is unavailable to the plaintiff. 4 Nimmer on Copyright, § 14.10[B][2], 14-201.

### A. Attorneys' Fees Are Available after Voluntary Dismissal.

Historically, courts have awarded attorneys' fees frequently to a copyright defendant following a plaintiff's voluntarily dismissal of its copyright claims. *See, e.g., Marks v. Leo Feist, Inc.*, 8 F.2d 460, 461 (2d Cir. 1925) *cited in Fogerty,* 510 U.S. at 532 (noting that the *Marks* Court awarded attorneys' fees to prevailing defendant after plaintiff voluntarily dismissed suit); *Cohen v. Virginia Elec. Power Co.,* 819 F.2d 1137, at *1 (4th Cir. 1987) (table) (stating that the court awarded defendant its attorneys' fees after plaintiff voluntarily dismissed its copyright claim).

### B. Attorneys' Fees Are Available after Dismissal with Prejudice.

Some courts, after the Supreme Court's decision in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), which was not a case decided under the Copyright Act, have held that where a plaintiff voluntarily dismisses a claim *without* prejudice, the defendant is not a "prevailing party" because there has not been a material alteration of the legal relationship between the parties. *See, e.g., Cadkin v. Loose*, 569 F.3d 1142, 1144-45 (9th Cir. 2009). Notably, however, courts have not held that *Buckhannon* applies to dismissals *with* prejudice. This is because when a dismissal is with prejudice, it materially alters the legal relationship between the parties and the defendant is unquestionably the prevailing party, thus triggering its ability to recover its attorneys' fees. *For Your Ease*, 526 F.3d at 1099; *see also Cadkin*, 569 Fed. at 1145. Therefore, if Checkpoint's copyright infringement claim is dismissed with prejudice, this Court should find that USS is the prevailing party under the Copyright Act and, following the rule within this Circuit, *Thoroughbred Software*, 488 F.3d at 361-62, this Court should award USS its attorneys' fees.

5

### C. Attorneys' Fees Are Appropriate after Dismissal without Prejudice.

Even should the Court dismiss Checkpoint's copyright claim without prejudice, USS may still be entitled to an award of its attorneys' fees. The Sixth Circuit has not taken an explicit position on *Buckhannon's* potential impact on Section 505 of the Copyright Act, but recent cases in the circuit appear to allow, in certain circumstances, a copyright defendant to recover its attorneys' fees, even following a plaintiff's voluntarily dismissal *without* prejudice. *See Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 481 F.3d 926, 927 (6th Cir. 2007) (vacating order that, without explanation, denied attorneys' fees to defendants following voluntary dismissal);[3] *Elektra Entm't Group, Inc. v. Licata*, No. 07-cv-569, 2008 U.S. Dist. LEXIS 64852 (S.D. Ohio 2008) (analyzing request for attorneys' fees following plaintiff's voluntarily dismissal of copyright claim).

In *Elektra*, the Southern District of Ohio reasoned that an award of attorneys' fees to a defendant could be appropriate, even if a dismissal is without prejudice, if the plaintiff's copyright claim was not a *bona fide* effort to seek redress for copyright infringement, or if the action was used to harass or abuse the defendant or the civil process, or if the plaintiff used the action to deliberately increase the defendant's costs. *Id.* at *15-*16. Although the Southern District of Ohio found no such conduct by the plaintiff in *Elektra*, here, in contrast, Checkpoint has used its copyright claim in an attempt to gain leverage over USS in the competitive marketplace and in the litigation by wrongfully inflating USS's costs. It is only *after* Checkpoint publicized its copyright infringement claims to USS's customers, and *after* Checkpoint became aware that USS's insurance coverage would not increase USS's litigation costs did Checkpoint instruct its counsel to seek to dismiss its copyright infringement claim. Accordingly, because

---

[3] The district court refused to award attorneys' fees on remand, and that decision was affirmed on appeal pursuant to an abuse of discretion standard. 583 F.3d 948 (6th Cir. 2009). Nothing in that opinion implied, however, that fees were not available merely because the plaintiff voluntarily dismissed its claims.

Checkpoint's copyright claim was not a bona fide effort to seek redress for infringement, the Court should grant USS's request for attorneys' fees.

## Conclusion

For the foregoing reasons, USS requests this Court to enter a dismissal, with prejudice, of Checkpoint's copyright infringement claim, and to order Checkpoint to pay USS's costs and fees associated with its defense of that claim.  Upon the entry of such an order, USS will submit to the Court an accounting of such costs and fees incurred.

Respectfully submitted,

*s/Kip T. Bollin*_____
Kip T. Bollin (0065275)
*kip.bollin@thompsonhine.com*
Michael Sherban (0079950)
*mike.sherban@thompsonhine.com*
Lorraine E. Gaulding (0084263)
*lorraine.gaulding@thompsonhine.com*
THOMPSON HINE LLP
3900 Key Center, 127 Public Square
Cleveland, OH  44114-1291
Phone: (216) 566-5500; Fax: (216) 566-5800

Douglas Carsten (admitted pro hac vice)
*dcarsten@wsgr.com*
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real, Suite 200
San Diego, CA 92130
Phone: (858) 350-2300; Fax: (858) 350-2399

Matthew A. Argenti (admitted pro hac vice)
*margenti@wsgr.com*
Albert Shih (admitted pro hac vice)
*ashih@wsgr.com*
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 493-9300; Fax: (650) 493-6811

Larry L. Shatzer (admitted pro hac vice)
*lshatzer@wsgr.com*
Shaun R. Snader (admitted pro hac vice)
*ssnader@wsgr.com*
WILSON SONSINI GOODRICH & ROSATI
1700 K Street, N.W., Fifth Floor
Washington, DC 20006
Phone: (202) 973-8800; Fax: (202) 973-8899

*Counsel for Defendant Universal Surveillance Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served via the Court's electronic notification system on all counsel of record on February 3, 2012

/s/ *Kip T. Bollin*
*Counsel for Defendant Universal Surveillance Corporation*