**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CHECKPOINT SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 5:11-cv-01199 |
| v. | ) | |
| | ) | Judge Sarah Lioi |
| HANGZHOU CENTURY CO., LTD d/b/a | ) | |
| CENTURY PLASTIC & ELECTRONIC | ) | |
| CO., LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

**CHECKPOINT SYSTEMS, INC.'S COMBINED REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND
RESPONSE IN OPPOSITION TO UNIVERSAL SURVEILLANCE CORPORATION'S
MOTION FOR ATTORNEYS' FEES**

---

Demonstrating that no good deed goes unpunished, Defendant Universal Surveillance Corporation ("USS") has needlessly transformed Plaintiff Checkpoint Systems, Inc.'s ("Checkpoint") good faith attempt to streamline this case into a wasteful exercise in motion practice.[1]  USS ignores the salient fact that Checkpoint elected to voluntarily dismiss its copyright claim in response to the Court's suggestion that the parties find ways to narrow the disputed issues in this case.  As such, USS's opposition brief—particularly its request for an award of attorneys' fees—is at war with the facts and the law.  Indeed, USS fails to cite a single case where a court awarded attorneys' fees under Federal Rule of Civil Procedure 15(a) after a

---

[1] Defendants have also frustrated Checkpoint's other attempt to narrow the case.  They have yet to produce the source code necessary for Checkpoint to complete its supplemental patent infringement contentions.  Although defendants offered to produce this material at the January 3 Case Management Conference, they waited until January 27—after the Court entered the parties' Stipulated Patent Protective Order on January 20—to advise Checkpoint that defendants would not produce the source code without revisions to the Protective Order and Checkpoint's agreement to onerous source code review procedures.  (January 27, 2012 Shatzer Letter to McCarthy, attached as Ex. 1 to Dkt. No. 35.)

party decided—*at the court's suggestion no less*—to withdraw a single count in a complex, multi-count lawsuit.

In the absence of any controlling law in support of its position, USS relies on inapposite cases that have no resemblance to the facts or procedural posture of this case. Perhaps recognizing that its position is contrary to established law, USS resorts to unfounded and irrelevant accusations about Checkpoint's motivation and alleged conduct—epitomized by the inadmissible affidavit of USS president Adel Sayegh. USS also advances, but fails to explain, the bizarre charge that Checkpoint wants to withdraw the copyright count "in order to inflate USS's costs in defending the litigation" (Resp. at 2). The Court should grant Checkpoint's Motion and reject USS's unprecedented fee request. If any award of attorneys' fees is proper here, it is Checkpoint who should be reimbursed for the costs of responding to USS's meritless brief.

## RELEVANT BACKGROUND

On June 10, 2011, Checkpoint filed its Complaint against USS for infringement of six of Checkpoint's U.S. patents (Count II) and violation of Checkpoint's copyright in a product manual that Checkpoint created for one of its customers (Count IV). The Complaint also asserts claims against USS's Chinese supplier, Hangzhou Century Co., Ltd. ("Century"), for infringement of seven of Checkpoint's U.S. patents (Count I) and breach of the supply agreement between Checkpoint and Century (Count III). As set forth in the Complaint, USS and Century devised and implemented a coordinated attack on Checkpoint's intellectual property rights, contract rights, and market leading innovations. (Compl. ¶ 3.)

Although the Complaint was filed on June 11 and USS was served shortly thereafter, this litigation remains in the early stages. With Checkpoint's consent, USS requested and received from the Court an extension of time to August 19 to respond to the Complaint. On

August 19, USS answered Checkpoint's Complaint and filed a patent infringement counterclaim against Checkpoint involving two U.S. patents. On the same date, USS also filed a separate ten count complaint, largely alleging antitrust violations, against Checkpoint in this District.[2] Defendant Century was served in China through the Hague Convention procedures in October and, following an extension of time to which Checkpoint consented, Century answered the Complaint on December 12. The parties exchanged initial patent infringement contentions in late December. USS issued its first written discovery on January 5. Checkpoint issued its first written discovery requests—none of which are directed to the copyright claim—on January 10.

The Court conducted the initial Case Management Conference (the "CMC") on January 3. During the CMC, defendants' counsel lamented the number of complex issues and claims in the case and sought assistance to streamline the litigation. In response, the Court encouraged the parties to take a hard look at what is really at issue and determine whether there are any claims which could be eliminated. Also during the CMC, defendants offered to provide Checkpoint with the source code for certain products to permit Checkpoint to consider whether it can narrow some or all its claims involving four of the Checkpoint patents-in-suit that involve electronic signals. To date, defendants have not provided the source code to Checkpoint.[3]

After giving due consideration to the Court's suggestion at the CMC, Checkpoint elected to remove the copyright claim in Count IV from this litigation. While the copyright claim is significant and symptomatic of defendants' disregard for Checkpoint's intellectual

---

[2] The Court presiding over USS's antitrust action recently recognized that the antitrust case is "simply a carryover of [this] litigation," and it advised USS to promptly "ascertain whether all ten counts in [that] complaint should move forward." (Dkt. No. 39 in Case No. 5:11-cv-1755-JRA at p. 7.)

[3] Per the Court's January 4 Order, the parties were to have submitted proposed dates to the Court for the case management schedule by January 31. Defendants' continued failure to produce the source code caused Checkpoint to seek an extension of this deadline from the Court. (Dkt. No. 35.) That motion is currently pending.

property rights, it raises legal and factual issues that are distinct from the patent and breach of
contract claims at the heart of this lawsuit.  Lest there be any doubt about the strength of Count
IV, one need only compare the Checkpoint-Alpha product manual to the USS manual
(Complaint at Exs. I and J) to see that the USS manual is almost an exact replica of Checkpoint's
work.  Nonetheless, counsel for Checkpoint—pursuant to Rule 15(a)—asked defendants' counsel
whether USS and Century would give their consent to this amendment of the pleadings.
Defendants' counsel advised that defendants would not consent, so Checkpoint filed its Motion
for Leave to File an Amended Complaint on January 20.  Defendants refused to explain the basis
of their opposition to Checkpoint's request.

   USS filed its response to Checkpoint's motion and a request for attorneys' fees on
February 3.  From what Checkpoint can tell, USS opposes Checkpoint's motion and is seeking
fees because it believes that the proposed amendment would "inflate" USS's litigation costs—
but USS does not explain how that is possible.  USS also presents unsubstantiated accusations—
in the form of an affidavit from USS's president Adel Sayegh—that Checkpoint somehow
"published" its Complaint and made improper remarks about USS at an industry trade show
eight months ago in Dallas, Texas.  (Resp. at 2; Sayegh Aff. ¶¶ 3-7.)  In his affidavit, Mr. Sayegh
states that "he learned" from unidentified conference attendees that "Checkpoint published its
Complaint" to unidentified "customers and potential customers" of USS.  (Sayegh Aff. ¶ 4.)  Mr.
Sayegh further claims that he also "learned [from unidentified sources] that Checkpoint told
these [unidentified] customers that USS was not a lawful or ethical company" and that the
comments "caused [the unidentified customers] concern."  (*Id.* ¶¶ 4, 6.)

   Mr. Sayegh does not have any personal knowledge of either the alleged
"publication" of the Complaint or the purported statements by Checkpoint employees about the

lawsuit, and he does not provide any foundation for his statements and beliefs about those purported events. [4] (*See* Sayegh Aff. ¶¶ 3-7.) Checkpoint cannot directly respond to Mr. Sayegh's unsubstantiated accusations and opinions given the absence of specific facts in his affidavit and USS's brief. Moreover, USS's brief is the first time that USS ever mentioned Checkpoint's alleged "publication" of the Complaint or any purportedly improper statements by Checkpoint employees to USS's customers.

## ARGUMENT

### A.    The Court should grant Checkpoint's motion

As USS concedes on page 3 of its brief, Federal Rule of Civil Procedure 15(a) governs when a plaintiff, like Checkpoint, seeks leave to amend its complaint to withdraw a claim. *E.g., Campbell v. Altec Indus., Inc.*, 605 F.3d 839, 841 (11th Cir. 2010); Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2362 (3d ed. 2011) ("A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15."). Because USS has withheld its consent, Checkpoint may amend its Complaint only with the Court's leave—which should be "freely" given. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). At its discretion, the Court may deny Checkpoint's Rule 15(a)(2) motion if it would prejudice USS, produce an undue delay in the litigation, result in futility, is sought in bad faith, or if Checkpoint already filed numerous amended complaints. *Foman*, 371 U.S. at 182.

None of those factors are present here. This is Checkpoint's first proposed amendment to its complaint. Checkpoint seeks the proposed amendment in the spirit of

---

[4] The Court should strike Mr. Sayegh's affidavit as hearsay and for its lack of personal knowledge and proper foundation. *See Automatic Radio Mfg. Co. v. Hazeline Research, Inc.*, 339 U.S. 827, 831 (1950) (affidavits based on information and belief, instead of known facts, are not proper), *overruled on other grounds by Lear, Inc. v. Adkins*, 395 U.S. 653 (1969); *Giles v. Univ. of Toledo*, 241 F.R.D. 466, 469-74 (N.D. Ohio 2007) (striking hearsay and statements made on belief and understanding that were unsubstantiated by specific facts and did not establish personal knowledge).

cooperation as a good faith response to the CMC proceedings.  Contrary to USS's odd claim that Checkpoint seeks leave to amend "in order to inflate USS's costs" (Resp. at 2), the proposed amendment actually *benefits* USS.  By eliminating Count IV, Checkpoint is removing a copyright claim (and the corresponding disputed legal and factual issues) that USS would otherwise have to litigate.

**B.**    **The Court should deny USS's unwarranted motion for attorneys' fees**

USS's request for an award of attorneys' is unsupported by facts or law.  *First*, the language of Rule 15(a) does not provide for the imposition of attorneys' fees.  Fed. R. Civ. P. 15; *see also Duong-Tran v. Kaiser Found. Health Plan of the Northwest*, No. 08-120-AC, 2008 WL 1909221, at *5 (D. Or. Apr. 28, 2008) (defendant not entitled to attorney fees where plaintiff's claim was withdrawn under Rule 15).  Tellingly, USS has failed to cite a singe case involving an award of attorneys' fees made in connection with the voluntary dismissal of a copyright claim (or any type of claim) pursuant to Rule 15—let alone a case where a plaintiff voluntarily dismissed a claim in response to a court's encouragement to the parties to narrow the disputed issues in the case.

The cases that USS does cite are distinguishable and do not warrant the imposition of a fee award here.  For example, *Marks v. Leo Feist, Inc.*, 8 F.2d 460, 461 (2d Cir. 1925) did not arise under Rule 15 and instead involved an award of attorneys' fees to the defendant after the *plaintiff lost a motion for preliminary injunction* and then dismissed his *entire complaint*.  *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1096 (7th Cir. 2008) is similarly inapt, as it involved the voluntary dismissal of an *entire complaint under Rule 11* after the parties had begun written and oral discovery.  The Fourth Circuit's unpublished opinion in *Cohen v. Virginia Elec. Power Co.*, 819 F.2d 1137, *2 (4th Cir. 1987) (Table) was

decided under Rule 60(b) not Rule 15, and the court explicitly declined to consider the propriety

of the fee award that trial court entered as part of a prior consent judgment. Further, the issue of

attorneys' fees in any context was not addressed at all by the Sixth Circuit in *Mgmt Investors v.*

*United Mine Workers*, 610 F.2d 384, 394 n. 22 (6th Cir. 1979). These cases clearly bear no

resemblance whatsoever to this case and should be disregarded by the Court.

   *Second*, while the Court has inherent authority to condition Checkpoint's leave

to amend upon payment of a fee award to USS, the facts here do not justify such an

extraordinary departure from the American rule regarding attorneys' fees in this case. As

discussed above, Checkpoint's complaint was filed in good and its proposed amendment is

sought in good faith.

   The inadmissible accusations and denials in the Sayegh affidavit do not change

those facts or support a contrary conclusion. *See Bridgeport Music, Inc. v. Universal-MCA*

*Music Publ'g, Inc.*, 583 F.3d 948, 954-55 (6th Cir. 2009) (affirming denial of attorneys' fees

absent evidence of bad faith or undue prejudice); *Wakefield v. Northern Telecom*, 769 F.2d 109,

115 (2d Cir. 1985) (defendant's conclusory statements that plaintiff's claim was baseless were

insufficient to support attorneys' fees award under Rule 41(a)(2)); *Univ. Estates, Inc. v. City of*

*Athens*, No. 2:09-cv-758, 2011 WL 1897444, at *4 (S.D. Ohio May 18, 2011) (defendant's bald

contentions that plaintiff acted in bad faith were insufficient to justify attorneys' fees as

condition of voluntary dismissal under Rule 41(a)(2)); *Lum v. Mercedes Benz, USA, L.L.C.*, 246

F.R.D. 544, 545-56 (N.D. Ohio 2007) (declining to award attorneys' fees under Rule 41(a)(2)

absent "exceptional circumstances"); *Elektra Entm't Group, Inc. v. Licata*, No. 07-cv-569, 2008

WL 4059796, at *5 (S.D. Ohio Aug. 25, 2008) (declining to award attorneys' fees following

Rule 41(a)(2) dismissal where defendant presented no evidence of plaintiff's alleged bad faith);

*Blackburn v. City of Columbus*, 60 F.R.D. 197, 199 (S.D. Ohio 1973) (same).

   *Finally*, even if the Court determines that USS is a "prevailing party" under the

Copyright Act, which it is not, the Court should nonetheless reject USS's fee request.  While the

award of attorneys' fees in copyright cases is routine, attorneys' fees are not awarded

automatically.  *Fogarty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).  Rather, attorneys' fees are to

be awarded to prevailing parties under the Copyright Act "only as a matter" of the Court's

"equitable discretion.  *Id.*  The Supreme Court identified frivolousness, improper motivation,

objective unreasonableness, and deterrence as several factors to guide courts' discretion.  *Id.*  As

discussed above, USS has failed to establish any of those factors or other exceptional

circumstances in this case.

## **CONCLUSION**

   The Court should grant Checkpoint's request for leave to file its proposed

Amended Complaint, deny USS's request for an award of attorneys' fees, and grant such other

and further relief as justice may require—including an award to Checkpoint for the fees incurred

in responding to USS's fee request and the striking of Adel Sayegh's affidavit.


        Respectfully submitted,

        /s/ James F. McCarthy, III
        James F. McCarthy, III (0002245)
        Trial Attorney for Plaintiff
        Sand & Sebolt
        Aegis Tower
        4940 Munson Street, N.W., Suite 1100
        Canton, Ohio 44718
        330.244.1174

Robert J. Palmersheim
(palmersheim@sw.com)
Marcus D. Fruchter
(fruchter@sw.com)
Steven A. Weiss
(weiss@sw.com)
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
312.701.9300

and

Joseph A. Sebolt
(joes@sandandsebolt.com)
Laura Beoglos
(laurab@sandandsebolt.com)
Sand & Sebolt
Aegis Tower
4940 Munson Street, N.W., Suite 1100
Canton, Ohio 44718
330.244.1174

## CERTIFICATE OF SERVICE

A copy of the foregoing was electronically filed with the Court this 13th day of February, 2012, and will be served upon counsel of record *via* the Court's electronic filing system.

/s/  *James F. McCarthy, III*
JAMES F. MCCARTHY, III

KTBH:4826-2826-1134.1