(Rev. 11/05/10)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Checkpoint Systems, Inc., | ) | CASE NO.  5-11cv1199 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | CASE MANAGEMENT PLAN |
| | ) | PART I |
| Hangzhou Century Co. Ltd, et al, | ) | |
| | ) | |
| | ) | (Patent Case) |
| DEFENDANTS. | ) | |

## I.  TRACK ASSIGNMENT

Upon consideration of the Local Rules for the United States District Court for the Northern District of Ohio, the Court assigns this matter to the Complex Track. Accordingly, the Court sets the following deadlines:

(1)    Checkpoint's Supplemental Initial Infringement Contentions: **04/06/2012**

(2)    Initial Non-Infringement Contentions: **04/16/2012**:

(3)    Status Report: **04/16/2012**

(4)    USS's Initial Non-Infringement Contentions: **05/07/2012**

(5)    Invalidity/Unenforceability Contentions: **05/16/2012**

(6)    Parties to confer regarding unification of schedules for construction of terms on all patents: **05/18/2012**

(7)    Status Report: **05/30/2012**

(8)    Proposed Terms for Construction: **05/31/2012**

(9)    Parties to Submit Name of Agreed Mediator: **05/31/2012**

1

(10)   Validity and Enforceability Contentions: **06/08/2012**

(11)   Status Report: **06/14/2012**

(12)   Final List of Terms of Construction: **06/20/2012**

(13)   Preliminary Claim Construction: **07/10/2012**

(14)   Claim Construction Expert's CV and Report: **07/25/2012**

(15)   Status Report: **07/30/2012**

(16)   Rebuttal Claim Construction Expert's CV and Report: **08/13/2012**

(17)   Completion of Claim Construction Expert Depositions: **08/31/2012**

(18)   Final Claim Construction: **09/07/2012**

(19)   Status Report: **09/13/2012**

(20)   Opening Claim Construction Submissions: **09/25/2012**

(21)   Responsive Claim Construction Submissions: **10/25/2012**

(22)   Joint Claim Construction and Prehearing Statement: **10/30/2012**

(23)   Tutorial: **11/29/2012 at 1:00 PM**

(24)   Claim Construction Hearing: **11/30/2012 at 9:00 AM**

(25)   Final Infringement Contentions: **TBD**

(26)   Final Non-Infringement Contentions and Final Invalidity: **TBD**

(27)   Final Validity and Enforceability Contentions: **TBD**

(28)   The parties (indicate one):

☐   agree that there will be no discovery of electronically-stored information; or
☐   have agreed to a method for conducting discovery of electronically-stored information; or
☐   have agreed to follow the default standard for discovery of electronically-stored information (Appendix K to N.D. Ohio Local Rules)

The parties may conduct discovery regarding claims construction issues at any time before the claims construction hearing and they are encouraged to complete all such discovery as soon as possible. Discovery relating to the following areas is stayed until after the completion of the claims construction hearing:

2

☐  damages;
☐  willfulness;
☐  inequitable conduct;
☐  other:          .

Following the issuance of the Court's Memorandum Opinion and Order regarding claim construction, the Court will issue Part II of the Case Management Plan, including a final Trial Order, setting deadlines for the remainder of the proceedings.


## II.  CLAIMS CONSTRUCTION PROCEDURES

The Court will conduct a claims construction hearing on **November 30, 2012 at 9:00 AM.** A tutorial will be conducted on **November 29, 2012 at 1:00 PM.**

On **September 25, 2012**, pursuant to LPR 4.4(a), the parties shall contemporaneously file and serve their opening claim construction briefs and any evidence supporting claim construction, including witness testimony or declarations. Absent prior leave of Court, such briefs shall not exceed twenty-five (25) pages, excluding appendices of evidentiary, statutory or other materials.

On **October 25, 2012**, pursuant to LPR 4.4(b), the parties shall contemporaneously file and serve responding claim construction briefs and any evidence supporting claim construction, including any responding experts' certifications or declarations. Absent prior leave of Court, such briefs shall not exceed twenty-five (25) pages, excluding appendices of evidentiary, statutory or other materials.

On **October 30, 2012**, pursuant to LPR 4.5, the parties shall file a Joint Claim

3

Construction Statement which shall contain the following information:

(a)     The construction of those terms on which the parties agree;

(b)     Each party's proposed construction of each disputed term, together with an identification of all references from the intrinsic evidence that supports that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of all witnesses including experts; and

(c)     An identification of the terms that each of the parties contend (i) would require a disposition of the case in its favor and/or (ii) will be substantially conducive to promoting settlement. For any such terms, each of the parties shall also include a brief statement, not to exceed one page, supporting or refuting the contention that the construction of those terms will be dispositive or promote settlement. The Court may, at its option, solicit additional briefing regarding the dispositive nature of any terms prior to the claim construction hearing or upon issuing its claim constructions.

Within one (1) business day of all filings, the parties will deliver two (2) courtesy copies of each complete filing to the Court in chambers. Each courtesy copy must be an exact copy of the filed document, **including the electronically-applied header on every page**.

Each party shall file a list of witnesses, if any, that the party intends to call at the Claim Construction Hearing, and shall include a brief description of the subject matter of each witness's anticipated testimony. This list shall be in the form attached as Appendix B.

The following directives will apply for the use of exhibits at the claim construction hearing. Counsel shall mark all exhibits before the hearing with official or similar exhibit stickers. Plaintiff(s) shall mark exhibits with numbers, and Defendant(s) shall mark exhibits with letters. If there are multiple parties on a side, each party shall use numbers or letters, followed by the party's last name (*e.g.*, "1-Smith" or "A-Jones"). If the defendant has more than 26 exhibits, double letters

4

shall be used (*e.g.*, "AA"). Joint exhibits shall use numbers followed by the word "joint," e.g., 1-Joint, 2-Joint. The case number shall appear on the exhibit stickers. Any multi-page exhibit must have numbers applied to each page for ease of identification.

Each party shall place its properly labeled exhibits on a DVD and send the DVD to the Court seven (7) calendar days before the hearing. The following file extensions are permitted for exhibits: .pdf; .jpg; .gif; .wmv; .mpg; .wma; .mp3; .bmp; and .tif. When naming the exhibit files on the DVD, the following format must be used:

<exhibit number/letter>_<PARTY + NAME & exhibit name>.<file extension>

Some examples include:

1_PLAINTIFF SMITH Copy of Mailing List.pdf [Plaintiff Smith's Exhibit 1]

23_PLAINTIFF DOE Photograph of Office.jpg [Plaintiff Doe's Exhibit 23]

A_DEFENDANT JONES Camera Footage.wmv [Defendant Jones's Exhibit A]

DD_DEFENDANT DOE January Statement.pdf [Defendant Doe's Exhibit DD]

4-J_JOINT February Payroll.gif [Joint Exhibit 4]

One (1) business day before the hearing begins, counsel shall submit to the Court two (2) courtesy copies of all proposed exhibits, along with an index (form attached hereto as "Appendix A") containing a brief description of each exhibit. Exhibits shall be exchanged between counsel at least three (3) business days before the hearing.

### III.  STATUS REPORTS

Beginning forty-five (45) calendar days from the date of this Order, counsel shall

submit a Joint Status Report to the Court and shall continue such reports every forty-five (45) days during the pendency of this matter. Joint Status Reports are to briefly state the following: (1) discovery that has occurred during the reporting period; (2) settlement discussions that have occurred during the reporting period; (3) motions that have been filed or remain pending during the reporting period; and (4) any developments that might give rise to a request to deviate from the schedule outlined in this Case Management Plan. These are to be procedural reports; they are not to contain substantive discussions of the merits of any claims or defenses asserted. Failure to file Joint Status Reports will affect the Court's willingness to grant requested extensions of time to perform any acts required under this Order or under any applicable federal or local rule of procedure. Repeated failures to file Joint Status Reports could result in additional sanctions, including dismissal of claims or defenses under Fed. R. Civ. P. 41(b). If any party wishes to disclose, in a Status Report, sensitive procedural matters (e.g., a request for a settlement conference, or personal reasons why extensions of time are requested), that party may submit its Status Report *ex parte*.

## IV.  DISCOVERY DISPUTES

Discovery shall be conducted according to the guidelines set forth in Local Rule 16.2 for cases assigned to the Complex Track. The Court specifically directs the parties to comply with Local Rule 37.1, including the obligations to make sincere, good faith efforts to resolve discovery disputes, and to certify to the Court the making thereof, by filing a Notice of Request for Local Rule 37.1 Telephone Conference. This process must be completed before filing any motion

under Fed. R. Civ. P. 37 seeking aid from the Court in discovery matters.

## V.  **MOTIONS PRACTICE**

### A.  **General**

All motions and related documents filed with the Court must comply with the Local Rules for the United States District Court for the Northern District of Ohio.

Motions, related memoranda, and all other documents submitted to the Court shall comply with Local Rule 10.1 concerning document format. All documents filed in this action, whether electronically or by other means, shall be presented in the following form: all margins shall be at least one inch; the main text of all documents shall be at least 12-point, double-spaced non-condensed type ("non-condensed type" referring either to Times New Roman type or to another type that has no more than 80 characters to a line of text); footnotes and block quotations may be single-spaced; and footnotes may be in a different-size font, no smaller than a 10-point single-spaced type font. Compliance with the foregoing requirements will be judged in comparison with the Court's own WordPerfect and Microsoft Word generated documents. Both paper documents and electronically-filed documents when printed out will be held to this standard. Nonconforming documents may be stricken, in the Court's discretion.

Records used to support or oppose any motion (*e.g.,* deposition transcripts) shall be excerpted and submitted as exhibits to the pleading. Parties shall submit that portion relevant to the issue in question and not more than two (2) additional pages to establish context. When filing such exhibits, the filer need not select any category for the attachment but *must* indicate a "description"

for each (e.g., "John Doe Deposition;" or "Jane Doe Affidavit") at the appropriate electronic filing screen. Any record submitted in support of or in opposition to a motion that does not already contain identifying page numbers must have numbers applied to each page for ease of identification.

Parties must consult the Electronic Filing Policies and Procedures Manual to verify that a particular document is suitable for electronic filing.

All motions, including procedural motions, must be supported by reference to appropriate legal authority.

The Federal Rules of Civil Procedure make no provision for motions for reconsideration and these motions are, therefore, discouraged by the Court. Although, in appropriate circumstances, a motion for reconsideration might be warranted, parties and counsel are reminded that such a motion is neither a substitute for appeal nor an opportunity for an unhappy litigant to reargue the case or to insert arguments inexplicably omitted in earlier motions. Parties or counsel who file unfounded, unmerited, and unsuccessful motions for reconsideration simply because they disagree with a ruling, decision, or order should expect to be sanctioned to the full extent permitted under Rule 11 and 28 U.S.C. §1927.

**B.  Motions to Dismiss and for Summary Judgment**

The Court will hold a defendant who files a motion under Rule 12 of the Federal Rules of Civil Procedure to the requirements of Rule 12, including in particular the timing requirements of Rule 12(a)(4).

Each party may file only one summary judgment motion. A party must seek leave

of Court if he or she wishes to file any additional or supplemental motions. A motion with supporting brief, a brief in opposition, and a reply brief are the only documents that will be accepted, absent prior leave of Court. A courtesy copy of each of these documents – including all exhibits and appendices thereto – shall be delivered to chambers no later than one (1) business day after the original is filed. **The courtesy copy must be an exact copy of the filed document, including the electronically-applied header on every page.**

All facts presented to the Court in any brief or memorandum setting forth a party's position with respect to a motion must be supported by pinpoint citations to the case record. For example, it is *not* sufficient to say: "*See* Green Affidavit" or "*See* Williams Deposition." Instead, each citation must be to a particular paragraph of the Affidavit or to a particular page or pages of the Deposition.

The Local Rules place limitations on the length of memoranda relating to dispositive motions. Specifically, such supporting and opposing memoranda shall not exceed thirty (30) pages for Complex Track cases.

Parties must submit an affidavit along with such memoranda specifying the assigned case track and certifying that the memorandum adheres to the page limitation. The Court will not increase the page limitation except in extraordinary circumstances.

Where deposition excerpts have been attached in support of or in opposition to a dispositive motion, the entire deposition transcript must also be separately, and simultaneously, filed. Such deposition transcript must be filed electronically in text-searchable PDF format.

## VI. **FILING DOCUMENTS UNDER SEAL**

Absent a statute or an order of this Court, documents may not be filed under seal. *See*, L.R. 5.2.

Should a sealing order be in effect (e.g., a protective order that permits sealing of confidential documents), the Court will expect the filing parties to be mindful that this is a public forum. No protective order or other sealing order is blanket authority to file entire documents under seal. Only relevant portions of relevant documents are subject to sealing under the terms of an approved order. For example, an entire memorandum in support of a motion for summary judgment would not be placed under seal merely because it makes mention of a document which is under seal. Nor would an entire deposition transcript be placed under seal because confidential information was inquired into during the course of the deposition.

Therefore, in most cases, protected or confidential information subject to a sealing order or statute should be filed separately under seal and be merely made reference to in the public pleading or document. If, however, the nature of a particular case presents the rare instance where the confidential information must be intertwined within the text of the pleading or document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Further, where documents are legitimately filed under seal, attorneys will be required to use the following procedure. Any and all filings made under seal shall be  submitted electronically whenever possible and linked to the  relevant authorizing order, pursuant to Local Rule 5.2.  If both redacted and unredacted versions are being submitted for filing, each version

10

shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If a sealed filing cannot be submitted electronically, it shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of the relevant authorizing order shall be in the sealed envelope.

Finally, the Court wants to make perfectly clear that, if and when a case where sealing is authorized comes to trial, the courtroom will not be sealed. Any and all documents and information which may have been subject to sealing during discovery will no longer enjoy a protected or confidential designation. The trial will be public in all respects.

## VII.  ELECTRONIC COURTROOM

The Court has a courtroom equipped with advanced technology. The Court encourages counsel to utilize this technology whenever appropriate.

Counsel bears the responsibility for developing proficiency with this technology well in advance of any hearing or trial.

## VIII.  <u>CHANGE OF ADDRESS</u>

Counsel shall notify the Court and the Clerk of this Court by letter of any address, e-mail address, or telephone number changes to assure proper notification.

**IT IS SO ORDERED**.

Dated: March 30, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

# APPENDIX A

An Exhibit List following the format shown below, along with  two (2) copies of all exhibits, must be prepared and submitted by counsel **one (1) business day before** the trial or hearing commences.

_____        CASE NO.  _____
                    PLAINTIFF(S),

            vs.                                          JUDGE SARA LIOI

_____
                    DEFENDANT(S).

| PLAINTIFF/DEFENDANT/JOINT/THIRD-PARTY EXHIBITS | | | | | | |
|---|---|---|---|---|---|---|
| EXHIBIT I.D. | DESCRIPTION OF EXHIBIT | I.D. | OFFERED | OBJ. | ADMITTED | NOT ADMITTED |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

**APPENDIX B**

A Witness List following the format shown below must be prepared and submitted by each party along on the same date as the Joint Claim Construction Statement.

_____          CASE NO.  _____

PLAINTIFF(S),

vs.                                                    JUDGE SARA LIOI

_____
DEFENDANT(S).

| PLAINTIFF/DEFENDANT WITNESSES | |
|---|---|
| **NAME** | **SYNOPSIS OF TESTIMONY** |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

14

15