**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHECKPOINT SYSTEMS, INC,** | ) | CASE NO. 5:11-cv-01199 |
| | ) | |
| **Plaintiff,** | ) | JUDGE SARA LIOI |
| | ) | |
| **v.** | ) | MAG. JUDGE GEORGE J. LIMBERT |
| | ) | |
| **HANGZHOU CENTURY CO., LTD, *et al.*,** | ) | **UNIVERSAL SURVEILLANCE** |
| | ) | **CORPORATION'S ANSWER TO** |
| | ) | **THIRD AMENDED COMPLAINT AND** |
| **Defendants.** | ) | **COUNTERCLAIMS** |
| | ) | **(DEMAND FOR JURY TRIAL)** |

Pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure, Defendant Universal Surveillance Corporation ("USS") hereby answers the Third Amended Complaint for Injunctive Relief and Money Damages ("Complaint") filed by Plaintiff Checkpoint Systems, Inc. ("Checkpoint") as follows:

## <u>ANSWER</u>

### NATURE OF CASE[1]

1. USS admits that Checkpoint is a producer and supplier of products that purport to help retailers and manufacturers reduce theft, enhance shelf-availability for customers, and improve supply-chain efficiencies. USS admits that Checkpoint sells anti-theft products and solutions. USS is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

2. USS admits that it distributes retail loss prevention goods and services. USS denies that it is a "relatively recent" entrant in the loss prevention industry. USS is without

[1] In the Complaint, Checkpoint includes many argumentative titles or headings. To the extent any headings are repeated in this Answer, the use of the headings is not intended as an admission, and USS denies all facts not specifically admitted.

sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

3. USS denies the allegations in this paragraph with respect to USS. USS is without sufficient knowledge to admit or deny the allegations with respect to Century and, therefore, denies the remaining allegations in this paragraph.

**PARTIES**

4. Admitted.

5. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

6. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

**JURISDICTION AND VENUE**

11. USS admits that this action alleges patent infringement arising under the patent laws of the United States (Title 35 of the United States Code). USS admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338. USS denies the remaining allegations in this paragraph.

12. USS admits that this Court has personal jurisdiction over USS for purposes of this action. USS denies the remaining allegations in this paragraph with respect to USS. USS is

without sufficient knowledge to admit or deny the allegations with respect to Century and, therefore, denies the remaining allegations in this paragraph.

13. Admitted.

**FACTUAL BACKGROUND**

14. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

15. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

16. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

17. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

18. USS admits that what purports to be a copy of a Purchase Agreement is attached to the Complaint as Exhibit A. USS is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

19. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

20. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

21. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

22. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

23. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

24. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

25. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

26. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

27. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.[2]

28. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

29. USS admits that Checkpoint purports to sell a Hard Tag@Source ("HT@S") product and associated program. USS is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

30. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

31. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

32. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

[2] Exhibit A to the Complaint is partially illegible making it impossible to determine even whether the purported quotation is accurate.

33. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

34. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

35. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

36. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

37. USS admits that the United States Patent and Trademark Office issued U.S. Patent No. 7,251,966 ("the '966 patent") for a "cable wrap security device" on August 7, 2007. USS admits that what purports to be a copy of the '966 patent was attached to the Complaint as Exhibit B. USS is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

38. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

39. USS admits that the United States Patent and Trademark Office issued U.S. Patent No. 7,481,086 ("the '086 patent") for a "cable wrap security device" on January 27, 2009. USS admits that what purports to be a copy of the '086 patent was attached to the Complaint as Exhibit E. USS is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

40. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

41. USS denies that it has infringed any claims of Checkpoint's patents. USS is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

42. USS denies that the USS BoxGuard and the USS Mini BoxGuard infringe any claims of the '966 patent. USS is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

43. Denied.

44. USS denies that the USS BoxGuard and the USS Mini BoxGuard infringe any claims of the '086 patent. USS is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

45. Denied.

46. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

47. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

48. USS denies that it has infringed any Checkpoint patent. USS is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

49. USS admits that it has imported some of the accused devices into the United States and sold or offered to sell some of the accused devices to Toys R' Us, Macy's, The Sport's Authority, and Kohl's, among other retailers. USS is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

50. USS denies that allegations in this paragraph with respect to USS. USS is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

51. USS denies that allegations in this paragraph with respect to USS. USS is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

52. USS denies that allegations in this paragraph with respect to USS. USS is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

53. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

54. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

55. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

56. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

57. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

58. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

59. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

60. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

61. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

62. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

63. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

**COUNT I**
**PATENT INFRINGEMENT**
**(Against Century)**

64. USS realleges and incorporates by reference its answers set forth in paragraphs 1-66 as if fully set forth herein.

65. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

66. USS denies that the ‘966 patent and the ‘086 patent, are valid. The remaining allegations in this paragraph are legal conclusions for which no response is required.

67. USS denies that the USS BoxGuard or the USS Mini BoxGuard infringe any claims of the ‘966 patent. USS is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

68. USS denies that the USS BoxGuard or the USS Mini BoxGuard infringe any claims of the ‘086 patent. USS is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

69. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

70. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

71. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

72. USS denies the allegations in this paragraph insofar as they may relate to USS. USS is without sufficient knowledge to admit or deny and, therefore, denies the remaining allegations in this paragraph.

USS denies that Checkpoint is entitled to any relief from USS based on this count.

**COUNT II**
**PATENT INFRINGEMENT**
**(Against USS)**

73. USS realleges and incorporates by reference its answers set forth in paragraphs 1-76 as if fully set forth herein.

74. Denied.

75. USS denies the ‘966 patent and the ‘086 patent are valid. The remaining allegations in this paragraph are legal conclusions for which no response is required.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

USS denies that Checkpoint is entitled to any relief based on this count.

**COUNT III**
**BREACH OF CONTRACT**
**(Against Century)**

82. USS realleges and incorporates by reference its answers set forth in paragraphs 1-85 as if fully set forth herein.

83. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

84. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

85. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

86. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

87. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

88. USS is without sufficient knowledge to admit or deny and, therefore, denies the allegations in this paragraph.

USS denies that Checkpoint is entitled to any relief from USS based on this count.

## PRAYERS FOR RELIEF

USS denies that Checkpoint is entitled to any relief from USS.

## ADDITIONAL DEFENSES

USS asserts the affirmative defenses set forth below. USS reserves the right to amend its answer to assert additional defenses as additional information becomes available.

### NON-INFRINGEMENT – PATENT

89. USS has not infringed, directly or indirectly, any valid claim of the ‘966 patent.

90. USS has not infringed, directly or indirectly, any valid claim of the ‘086 patent.

### INVALIDITY - PATENT

91. One or more claims of the ‘966 patent are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103, or 112.

92. One or more claims of the ‘086 patent are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103, or 112.

## INNOCENT INTENT

93. Checkpoint's damages, if any, are limited by Defendant's innocent intent.

## FAILURE TO STATE A CLAIM

94. USS asserts that the Complaint fails to state a claim against USS upon which relief can be granted.

## ATTORNEYS' FEES IMPROPER

95. Checkpoint has failed to state facts and/or a legal basis sufficient to permit recovery of attorneys' fees against USS.

## EQUITABLE AND INJUNCTIVE RELIEF IMPROPER

96. Checkpoint has failed to state facts and/or a legal basis sufficient to permit the Court to grant equitable or injunctive relief against USS

## RELEASE

97. Checkpoint and USS entered into a settlement agreement on or about October 8, 2008, a true and correct copy of which is attached here to as Exhibit A ("Settlement Agreement").

98. The '966 patent had issued at the time the Settlement Agreement was executed.

99. CheckPoint released at least its claims based on the '966 against USS by virtue of the Settlement Agreement.

100. The Settlement Agreement releases USS from any claims existing or foreseeable as of October 8, 2008, including any patent claims based on the products at issue in the prior case, and especially the claim based on the '966 patent.

## ESTOPPEL

101. Checkpoint is estopped from asserting at least the '966 patent against USS based on the Settlement Agreement and related conduct.

## WAIVER

102. Checkpoint has waived any right to assert at least the '966 patent against USS based on the Settlement Agreement and related conduct.

## RES JUDICATA

103. Checkpoint is barred from asserting at least its claims based on the '966 patent based on res judicata.

## COUNTERCLAIMS

Pursuant to Rules 13 and 57 of the Federal Rules of Civil Procedure, USS asserts the counterclaim set forth below.

## PARTIES

104. USS is a corporation organized under the laws of the State of California, with its principal place of business in Rancho Cucamonga, California.

105. On information and belief, Checkpoint is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its corporate headquarters in Philadelphia, Pennsylvania. On information and belief, Checkpoint and its Alpha Products division ("Alpha") have an office and manufacturing facility in Canton, Ohio.

106. This Court has personal jurisdiction over Checkpoint because Checkpoint has submitted to the Court's jurisdiction by filing this action. On information and belief, Checkpoint also has facilities in this District and regularly transacts business in this district.

107. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. An actual controversy exists between USS and Checkpoint regarding the non-infringement and invalidity of the ‘966 and ‘086 patents in view of Checkpoint’s allegations that USS infringes and will continue to infringe allegedly valid claims of the ‘966 and ‘086 patents and USS’s denial of those allegations.

## FACTS

108. On June 28, 2011, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,969,310 (“the ‘310 patent”). A true and correct copy of the ‘310 patent is attached hereto as Exhibit B.

109. USS is the owner by assignment of the ‘310 patent. USS owns all right, title, and interest in and has standing to sue for past infringement and future infringement of the ‘310 patent.

110. On March 11, 2008, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,342,495 (“the ‘495 patent”). A true and correct copy of the ‘495 patent is attached hereto as Exhibit C.

111. USS is the owner by assignment of the ‘495 patent. USS owns all right, title, and interest in and has standing to sue for past infringement and future infringement of the ‘495 patent.

112. Checkpoint has infringed, directly and/or through actions of contributory infringement or inducement, and continues to infringe the ’310 patent by making, selling, offering for sale, and/or importing into the United States Alpha High Theft Solutions accessory tag products, including at least the Alpha Extreme Accessory Tag and the Alpha Fashion 2 Accessory Tag.

113. Checkpoint has infringed, directly and/or through actions of contributory infringement or inducement, and continues to infringe the ’495 patent by making, selling, offering for sale, and/or importing into the United States Alpha High Theft Solutions accessory tag products, including at least the Alpha Extreme Accessory Tag and the Alpha Fashion 2 Accessory Tag.

114. USS has been damaged by Checkpoint’s infringement and is entitled to recover damages to compensate it for Checkpoint’s acts of infringement.

**COUNT I – PATENT INFRINGEMENT (‘310 PATENT)**

115. USS realleges and incorporates by reference paragraphs 167-177 as if fully set forth herein.

116. Checkpoint has infringed and continues to infringe one or more claims of the ‘310 patent.

117. Checkpoint has infringed, directly and/or through actions of contributory infringement or inducement, and continues to infringe the ’310 patent by making, selling, offering for sale, and/or importing into the United States Alpha High Theft Solutions accessory tag products, including at least the Alpha Extreme Accessory Tag and the Alpha Fashion 2 Accessory Tag.

118. USS has been irreparably damaged by Checkpoint’s acts of infringement and will continue to be irreparably damaged even after Checkpoint is enjoined from further acts of infringement.

119. On information and belief, Checkpoint’s infringement of the ‘310 patent has been intentional and willful.

120. This case is an exceptional case within the meaning of 35 U.S.C. § 285.

**COUNT II – PATENT INFRINGEMENT (‘495 PATENT)**

121. USS realleges and incorporates by reference paragraphs 167-183 as if fully set forth herein.

122. Checkpoint has infringed and continues to infringe one or more claims of the ‘495 patent.

123. Checkpoint has infringed, directly and/or through actions of contributory infringement or inducement, and continues to infringe the ’495 patent by making, selling, offering for sale, and/or importing into the United States Alpha High Theft Solutions accessory tag products, including at least the Alpha Extreme Accessory Tag and the Alpha Fashion 2 Accessory Tag.

124. USS has been irreparably damaged by Checkpoint’s acts of infringement and will continue to be irreparably damaged even after Checkpoint is enjoined from further acts of infringement.

125. On information and belief, Checkpoint’s infringement of the ‘495 patent has been intentional and willful.

126. This case is an exceptional case within the meaning of 35 U.S.C. § 285.

**COUNT III – DECLARATION OF NON-INFRINGEMENT OF THE ‘966 PATENT**

127. USS realleges and incorporates by reference paragraphs 167-189 as if fully set forth herein.

128. USS does not infringe, either directly or indirectly, any valid claim of the ‘966 patent.

129. USS is entitled to a declaration that it does not infringe, either directly or indirectly, any valid claim of the ‘966 patent.

130. This case is exceptional under 35 U.S.C. § 285.

**COUNT IV – DECLARATION OF NON-INFRINGEMENT OF THE ‘086 PATENT**

131. USS realleges and incorporates by reference paragraphs 167-193 as if fully set forth herein.

132. USS does not infringe, either directly or indirectly, any valid claim of the ‘086 patent.

133. USS is entitled to a declaration that it does not infringe, either directly or indirectly, any valid claim of the ‘086 patent.

134. This case is exceptional under 35 U.S.C. § 285.

**COUNT V – DECLARATION OF INVALIDITY OF THE ‘966 PATENT**

135. USS realleges and incorporates by reference paragraphs 167-213 as if fully set forth herein.

136. One or more claims of the ‘966 patent are invalid for failure to comply with one or more of the following statutory provisions 35 U.S.C. §§ 101, 102, 103, or 112.

137. USS is entitled to a declaration that one or more claims of the ‘966 patent are invalid for failure to comply with one or more of the following statutory provisions 35 U.S.C. §§ 101, 102, 103, or 112.

**COUNT VI – DECLARATION OF INVALIDITY OF THE ‘086 PATENT**

138. USS realleges and incorporates by reference paragraphs 167-216 as if fully set forth herein.

139. One or more claims of the ‘086 patent are invalid for failure to comply with one or more of the following statutory provisions 35 U.S.C. §§ 101, 102, 103, or 112.

140. USS is entitled to a declaration that one or more claims of the ‘086 patent are invalid for failure to comply with one or more of the following statutory provisions 35 U.S.C. §§ 101, 102, 103, or 112.

## PRAYER FOR RELIEF

WHEREFORE, USS requests the following relief:

a) Dismissing Checkpoint’s Complaint, with prejudice, and denying any claim for relief prayed for therein;

b) Judgment that USS does not infringe, directly or indirectly, any valid claim of the ‘966 and ‘086 patents;

c) Judgment that claims of the ‘966 and ‘086 patents are invalid;

d) A declaration that USS does not infringe, directly or indirectly, any valid claim of the ‘966 and ‘086 patents;

e) A declaration that claims of the ‘966 and the ‘086 patents are invalid;

f) Judgment that Checkpoint has infringed the ‘310 patent (directly and/or indirectly);

g) Judgment that Checkpoint’s infringement of the ‘310 patent has been intentional and willful;

h) Judgment that Checkpoint has infringed the ‘495 patent (directly and/or indirectly);

i) Judgment that Checkpoint’s infringement of the ‘495 patent has been intentional and willful;

j) An award of damages to USS to compensate for Checkpoint’s infringement of the ‘310 and ‘495 patents;

k) A permanent injunction enjoining Checkpoint from continuing to infringe the ‘310 and ‘495 patents;

l) Judgment that this is an exceptional case and an award of attorneys’ fees and costs to USS pursuant to 35 U.S.C. § 285; and

m) Such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ *Kip T. Bollin*

Kip T. Bollin (0065275)
*kip.bollin@thompsonhine.com*
Michael Sherban
*mike.sherban@thompsonhine.com*
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Phone: (216) 566-5500
Fax: (216) 566-5800
*Counsel for Defendant Universal Surveillance Corporation*

Douglas Carsten (admitted *pro hac vice*)
dcarsten@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real, Suite 200
San Diego, CA 92130
Phone: (858) 350-2300
Fax: (858) 350-2399

Matthew A. Argenti (admitted *pro hac vice*)
margenti@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 493-9300
Fax: (650) 493-6811
*Counsel for Defendant Universal Surveillance Corporation*

Larry L. Shatzer (admitted *pro hac vice*)
lshatzer@wsgr.com
Shaun R. Snader (admitted *pro hac vice*)
ssnader@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
1700 K Street, N.W., Fifth Floor
Washington, DC 20006
Phone: (202) 973-8800
Fax: (202) 973-8899
*Counsel for Defendant Universal Surveillance Corporation*

**JURY DEMAND**

USS demands a trial by jury on all issues so triable.

/s/ *Kip T. Bollin*
*Counsel for Defendant Universal Surveillance Corporation*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was electronically filed with the Court this 14th day of December, 2012, and will be served upon counsel of record via the Court's electronic filing system.

/s/ *Kip T. Bollin*
*Counsel for Defendant Universal Surveillance Corporation*